```
              UNITED STATES DISTRICT COURT
                DISTRICT OF MASSACHUSETTS

                              CRIMINAL No. 18-CR-10186-RWZ



              UNITED STATES OF AMERICA

                         v.

              VENCE PIRES,

                      Defendant
```

DEFENDANT'S MOTION PURSUANT TO 28 U.S.C. 2255 TO MODIFY SENTENCE

Now comes the Defendant in the above-captioned matter and hereby moves this Honorable Court, Zobel, J., pursuant to 28 U.S.C. 2255 to amend the sentence imposed by this Court on February 27, 2019 in a manner consistent with the offering detailed below.

On February 27, 2019, this Court sentenced Mr. Pires to a term of 12 months committed to the Bureau of Prisons (Ft. Devens) to be followed by 1 year of Supervised Release (see Amended Judgement, paper 47).

At the time of said sentencing the Court learned of the impact the underlying acts by all of the Defendants by way of a letter produced on the day of sentencing by the victim corporation in this case.

At this time, the previously identified financial loss to the victim corporation figured approximately $3,748,811.

Almost two months after the sentencing, on April 19, 2019, the United States joined with Mr. Pires by acknowledging that the accurate restitution due from Mr. Pires in light of his conduct was $44,000 (see, paper 46).

In its Reasoning for Judgment, the Court accounted for the minor role Mr. Pires played during the underlying conduct (see, Paper 40).

Mr. Pires remains appreciative of the Court's recalculation of the monetary value at stake by examination of the numbers thru a "gain" analysis as opposed to the "loss" figures initially tendered (see, Paper 40, section VI D). Indeed, Mr. Pires realizes how this difference tilted in his favor in terms of locating an appropriate guidelines' sentencing recommendation.

Mr. Pires offers thru this instant pleading that during his sentencing it was challenging to identify the pecuniary

assessment attributed to him. At that time the numbers articulated arrived in the millions of dollars range which was bolstered by the newly arrived victim impact statement. Without question, the Court remained firm with its determination that Mr. Pires' involvement landed on the minor participation zone; yet, with substantial numbers being discussed with the added address by the victim-corporation Mr. Pires posits that the actual monetary figure attached to him remained elusive and thereby hindered this Court in its ostensibly genuine efforts to try to identify just how minor of a role he played in the underlying offense.

The instant pleading appears not as a gripe for the calculation of the sentence. To the contrary, Mr. Pires presents that the post-sentencing identifiable value would have been a consideration the Court would have utilized in fashioning the appropriate punishment.

Equally important to acknowledge is that this prayer for relief does not challenge the abilities, efforts and effectiveness of his sentencing counsel. As noted, the numbers were months away from realization at the time of sentencing.

Mr. Pires asks this Court to grant additional consideration in light of the Agreed Stipulation of Restitution (paper 46).

As noted in Section VI. C of the Reasons for Sentencing (paper 40), this Court enjoys the discretion to further depart from the calculated sentencing guidelines pursuant to 18 U.S.C. 3553 (a)(6) in order to provide the Defendant with other correctional treatment in the most effective manner.

As its well known both through the United States' investigation into the underlying acts and this Court's Probation Department's calculations of his life history, Mr. Pires was introduced to the Court with virtually no prior criminal conduct.

The PSR informed this Court of his lifelong commitment to his vast family in all ways as a father, son, husband, brother and uncle. While Mr. Pires encountered some personal tumbles that we all experience in some fashion or another he remained steadfastly present in all of his roles.

Mr. Pires is at a life station that brings certain realities: aging family members endure the experiences that greet us during life's continuum. While Mr. Pires' personal experiences may not distinguish himself from others at the same life station, his lifelong demonstration of being a family member who is present to support emotionally and financially the struggles of others noteworthy if not exemplary.

To that end, Mr. Pires further prays that this Court adjust his sentence against the backdrop of the above offerings. Specifically, Mr. Pires seeks a reduced live commitment to a term deemed served upon action on this motion. Alternatively, Mr. Pires remains aware that an increase of a single day to this present sentence qualifies him for certain considerations by the Board of Prisons and humbly makes such an alternative request of this Court should the Court not wish to terminate his present commitment.

Date: June 13, 2019

Respectfully submitted,
Vence Pires,
By his Attorney,
/s/ Robert J. Galibois II
ROBERT J. GALIBOIS II
BBO# 631361
414 Country Club Way
Kingston, MA 02364
(781)585-3023 - Office
(781)287-1272 - Fax
attorneyrobgalibois@gmail.com

CERTIFICATE OF SERVICE

    I hereby certify that on the 13th day of June, 2019, this document, filed through the ECF system, was sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF).

                                               /s/ Robert J. Galibois II
                                               ROBERT J. GALIBOIS II